UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DWAYNE ALLEN HUBBARD,

Plaintiff,

v.

EDWARD BORLA, et al.,

Defendants.

Case No. 25-cv-10971-TLT

**ORDER OF SERVICE**

Plaintiff, a prisoner at Correctional Training Facility (CTF), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The case was related to 25-cv-02820-TLT, *McKenzie v. Borla*, which raises similar or identical allegations, and which was set as a bellwether case. The First Amended Complaint (FAC) (Dkt. No. 21) is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the complaint is ordered served on defendants Borla and Macomber.

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . .. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in either law or in fact.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).  A court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

### B.      Plaintiff's Claims

The FAC names the CTF Warden Edward Borla and the Secretary of the California Department of Corrections and Rehabilitation (CDCR) Jefferey Macomber as defendants, along with correctional officer D. Asenjo, Lt. C. Whitman, Lt. Galaviz, Lt. Rubacaba, Lt. Magillion, Captain D. Moyer, and N. Gonzalez.

Plaintiff alleges that defendants Borla and Macomber have violated his Eighth Amendment rights by housing him in an unconstitutionally small double cell with another prisoner since September 25, 2018. He alleges his cell had only 19 square feet of unencumbered space, or

United States District Court
Northern District of California

only 9.5 square feet per prisoner, which violates CDCR's guidelines and the Constitution. He alleges prisoners at CTF have been double-celled in certain North Yard buildings since 2011 although the rooms in these buildings were not built to be double cells.

Plaintiff also alleges that since he filed his complaint in December 2025, he has been subjected to retaliation by CTF staff. He alleges that the retaliation culminated in denial of his parole because of a Rules Violation Report heard by defendant Magillion. He alleges defendant Gonzalez reviewed his grievance about this incident, and he spoke to defendant Moyer about the grievance as well. He alleges an incident on January 22, 2026 with defendant Asenjo that led to defendant Whitman finding him guilty, and defendant Galaviz was present at the hearing. On either January 28 or February 15, 2026, defendant Rubacaba removed him from his cell and placed him in a dorm where the conditions are worse than his cell.

Plaintiff attaches a Rules Violation Report by defendant Asenjo reporting plaintiff for refusing to accept assigned housing and delaying a peace officer on January 22, 2026 for refusing to accept a cellmate.

Plaintiff seeks damages.

### C.     Analysis

While the Constitution does not mandate comfortable prisons, it does require that prisoners have the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[T]he Eighth Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." *Id.* at 346 (internal quotation marks omitted). Liberally construed, plaintiff has stated an Eighth Amendment claim against defendants Borla and Macomber for inadequate living space.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Liberally construed, plaintiff has stated a retaliation claim against defendant Asenjo for attempting to assign him a

United States District Court
Northern District of California

3

United States District Court
Northern District of California

cellmate because he filed this lawsuit, and against defendant Rubacaba for moving plaintiff to a dorm because of this lawsuit or because of his grievance against defendant Asenjo. Plaintiff has not stated any claims against defendants Whitman, Galaviz, Magillion, Moyer, or Gonzalez because there is no section 1983 liability for a prison official simply for their role in reviewing and responding to a grievance. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## CONCLUSION

1. Defendants Whitman, Galaviz, Magillion, Moyer, and Gonzalez are dismissed.

2. Plaintiff has stated a cognizable Eighth Amendment claim against defendants Borla and Macomber.

3. Plaintiff has stated a cognizable First Amendment retaliation claim against defendants Asenjo and Rubacaba.

4. The Court ORDERS that service on the following defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

    a.    Edward Borla, Warden of CTF

    b.    Jefferey Macomber, Secretary of CDCR

    c.    Correctional Officer Asenjo

    d.    Lt. Rubacaba

In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 21), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court

4

a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form.  The Clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service.  The Clerk also shall provide the USMS a copy of the CDCR Report of E-Service Waiver.

5.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires defendants to cooperate in saving unnecessary costs of service of the summons and complaint.  If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  If defendants have not waived service and have instead been served by the USMS, then defendants shall serve and file an answer within **twenty-one (21) days** after being served with the summons and complaint.

6.    Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.

7.    Further briefing and discovery are currently stayed while the bellwether case, 25-cv-02820-TLT, *McKenzie v. Borla*, proceeds. *See* Dkt. No. 24.

8.    All communications by plaintiff with the Court must be served on defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

9.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail

United States District Court
Northern District of California

directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

10.    Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: July 6, 2026

_____
TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

6